UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANGELA M. LORELLO,<br><br>    Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>    Defendant. | No. 11-cv-455-JPH<br><br>**ORDER ON SUMMARY JUDGMENT** |

BEFORE THE COURT are cross-motions for summary judgment. ECF No. 16, 18. The parties have consented to proceed before a magistrate judge. ECF No. 23. After reviewing the administrative record and the parties' briefs, the court **grants** defendant's motion for summary judgment, **ECF No. 18**.

**JURISDICTION**

Lorello applied for supplemental security income (SSI) benefits on July 19, 2010. She alleged disability beginning November 10, 2009 (Tr. 163-69). Benefits were denied initially and on reconsideration (Tr. 96-99, 103-05). ALJ Marie Palachuk held a hearing on May 4, 2011 (Tr. 40-93) and issued an unfavorable decision May 20, 2011 (Tr. 20-32). On November 18, 2011 the Appeals Council denied review (Tr. 1-4). The matter is now before the Court pursuant to 42 U.S.C.

ORDER - 1

§ 405(g). Plaintiff filed this action for judicial review on December 14, 2011. ECF No. 1, 4.

## STATEMENT OF FACTS

The facts have been presented in the administrative hearing transcript, the ALJ's decision and the briefs of the parties. They are only briefly summarized as necessary to explain the court's decision.

Lorello was 24 years old when she applied for benefits. She earned a GED and has attended college. She has no past work at SGA levels but has worked with her mother as a house cleaner "under the table." She has also worked as a restaurant hostess and banquet server. Her longest job was working at a restaurant for one year. She alleges disability based on physical and mental limitations (Tr. 30, 72, 81, 180, 242, 347, 397). At the time of the hearing Lorello was receiving in-patient substance abuse treatment (Tr. 73). She testified that when she is not in a treatment facility she likes to go to the mall, shop and hang out with friends (Tr. 77). The longest she has been clean is 3-4 months (Tr. 78). She suffers side effects from the psychotropic drugs prescribed for mental disorders (Tr. 207).

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423 (d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both

medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process or determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. §404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

ORDER - 3

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

Plaintiff has the burden of showing that drug and alcohol addiction (DAA) is not a contributing factor material to disability. *Ball v. Massanari*, 254 F.3d 817, 823 (9th Cir. 2001). The Social Security Act bars payment of benefits when drug addiction and/or alcoholism is a contributing factor material to a disability claim. 42 U.S.C. §§ 423(d)(2)(C) and 1382(a)(3)(J); *Bustamante v. Massanari*, 262 F.3d 949 (9th Cir. 2001); *Sousa v. Callahan*, 143 F.3d 1240, 1245 (9th Cir. 1998). If there is evidence of DAA and the individual succeeds in proving disability, the Commissioner must determine whether DAA is material to the determination of disability. 20 C.F.R. §§ 404.1535 and 416.935. If an ALJ finds that the claimant is not disabled, then the claimant is not entitled to benefits and there is no need to proceed the analysis to determine whether substance abuse is a contributing factor material to disability. However, if the ALJ finds that the claimant is disabled, then the ALJ must proceed to determine if the claimant would be disabled if he or she stopped using alcohol or drugs.

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*,

ORDER - 4

760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## ALJ'S FINDINGS

At step one ALJ Palachuk found Lorello did not work at SGA levels after

ORDER - 5

she applied for benefits (Tr. 22). At steps two and three, the ALJ found Lorello suffers from Crohn's disease with illeostomy, history of rectal cancer currently in remission, history of asthma, polysubstance abuse, and substance induced mood disorder vs. bipolar disorder, impairments that are severe and meet Listings 12.04 and 12.09 when DAA is included (Tr. 22, 27). Absent DAA, the ALJ found Lorello's impairments are severe but do not meet or equal a Listed impairment (Tr. 27). She found Lorello can perform light work with nonexertional limitations (Tr. 28). As noted, Lorello has no past relevant work. At step five, the ALJ found Lorello can perform work as a housecleaner (Tr. 30, 32). The ALJ found DAA is a contributing factor material to disability. Accordingly, the ALJ found Lorello has not been disabled since she applied for benefits on July 19, 2010 (Tr. 32).

**ISSUES**

Lorello alleges the ALJ improperly weighed the medical evidence and should have found that she would be disabled even when DAA is excluded. ECF No. 17 at 13-19. The Commissioner responds that the ALJ properly weighed the evidence and asks the Court to affirm. ECF No. 19 at 6-7.

**DISCUSSION**

Lorello alleges the ALJ should have given greater weight to the opinions of Harvey Alpern, M.D, Ethan Angell, M.D., and John Arnold, Ph.D., ECF No. 17 at 14-19. The Commissioner responds that the ALJ properly weighed the evidence, including the effects of DAA. ECF No. 19 at 5-7.

*Credibility*

To aid in weighing the conflicting medical evidence, the ALJ evaluated Lorello's credibility, and found her less than fully credible. Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F.3d 683, 688 (9th

ORDER - 6

Cir. 2005).

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reason for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

Lorello does not challenge the ALJ's negative credibility assessment, making it a verity on appeal. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n. 2 (9th Cir. 2008). When hospitalized Lorello has denied drug use but tested positive for methamphetamine and cocaine. She has been non-compliant with taking prescribed medications, and with attending group counseling sessions and treatment, without explanation. She inconsistently explained the reasons she left her last job. The job ended because she quit to avoid being fired. She quit because she had too few hours. She was fired for missing too much work (Tr. 23, 29-30; 13F, Tr. 75, 251-52, 256, 280-81, 291-92, 305-09, 318-19, 369, 397, 399, 472). The ALJ's reasons for her credibility determination are clear, convincing and supported by substantial evidence. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002) (proper to consider inconsistencies in plaintiff's statements); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (proper to consider unexplained failure to follow treatment recommendations).

ORDER - 7

*Medical opinions and DAA*

Lorello alleges the ALJ misconstrued the opinion of Dr. Alpern, the medical expert who testified at the hearing. ECF No. 17 at 14-16. After reviewing the record Dr. Halpern testified:

"…[Lorello] was found, in 2006, at about the age of, I guess, 20, to have rectal carcinoma. That was treated appropriately with chemo and surgery. At the present time, her gastroenterologist's records indicate that she has only minimal symptoms. She still has the ileostomy. She has occasional diarrhea and occasional abdominal pain from this.

… Because of the presence of the ileostomy … I would give some work restrictions. I would limit her to a light residual functional capacity, as well as restrictions from concentrated, noxious fumes and dust.

… She had occasional bursts of pain and they don't seem to be frequent enough to be more – that would require more than one day off a month." (Tr. 45-47).

Lorello alleges the ALJ erred when she failed to include the need for one day off each month. Lorello misconstrues the ALJ's statement with respect to Dr. Alpern's testimony. The ALJ stated:

"The undersigned has carefully considered Dr. Alpern's testimony that the claimant may miss one day of work each month due to flares of her Crohn's disease. However, Dr. Alpern testified that the flares would be 'occasional' and it is possible that the one day per month of exacerbation could occur on a weekend. There is little support in the record that the claimant would in fact actually miss one day of work every month." (Tr. 30) (emphasis original).

The ALJ properly considered this testimony, along with the rest of the record. Inferences from the record can constitute substantial evidence, but only those "reasonably drawn from the record" will suffice. *Widmark v. Barnhart*, 454

F.3d 1063, 1066 (9th Cir. 2006), citing *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190. 1193 (9th Cir. 2004). The record supports the ALJ's inference. For example, Dr. Angell assessed an RFC for a range of light work on March 23, 2010. Testing was within normal limits (Tr. 281-86, 378).

*Dr. Angell*

Lorello alleges the ALJ failed to properly credit Dr. Angell's opinion that she would struggle to keep stable employment unless she found work that permitted significant flexibility. ECF No. 17 at 15-16, citing Tr. 282. The Commissioner points out that Dr. Angell's opinion included ongoing substance abuse. ECF No. 19 at 6, citing Tr. 285, 288. Because the ALJ found plaintiff disabled when DAA is included, Dr. Angell's opinion does not answer the relevant question: how does Lorello function when DAA is excluded, that is, when she is clean and sober? The ALJ properly weighed Dr. Angell's opinion when DAA is included. Lorello fails to show error.

*Dr. Arnold*

Lorello alleges the ALJ should have given more credit to Dr. Arnold's opinion as an examining psychologist than to Dr. Klein's, who simply reviewed the record and testified. ECF No. 17 at 16-19.

Dr. Arnold evaluated Lorello on February 26, 2010. Unlike Dr. Klein, he had no records to review. He notes that he did not observe mood swings or depressive symptoms. He diagnosed bipolar disorder, and cocaine and alcohol abuse in early full remission by report. He opined mental health symptoms were not affected by DAA, and predate DAA. Dr. Arnold assessed a GAF of 55; however, he opined Lorello should be able to work when symptoms stabilize. Mental health was required for stabilization and Lorello was not currently receiving such treatment (Tr. 262-66).

At intake a month earlier, on January 23, 2010, a counselor assessed a GAF

ORDER - 9

of 65 (Tr. 299) and in April 2010, of 70 (Tr. 290), indicating only mild symptoms or difficulty functioning, but generally functioning pretty well.

Dr. Klein reviewed the record. He opined Lorello may have been clean and sober for 1-2 months when she was evaluated by Dr. Arnold, as the ALJ observes (Tr. 30). Dr. Klein testified DAA use was active at least until March 2011, and Lorello was being treated for DAA at the time of the hearing (Tr. 51-52). He opined she met listing 12.09 (substance abuse disorder) and 12.04 (drug-induced mood disorder) when DAA is included (Tr. 51-52, 58). The record supports these diagnoses. *See* Tr. 293 (counselor considered diagnosis of drug/alcohol induced mood disorder) and Tr. 475 (treating Dr. Goodell diagnoses substance-induced mood disorder).

When DAA is excluded, Dr. Klein opined Lorello has two moderate functional limitations: working with the public and accepting criticism from supervisors (Tr. 59). He opined hospital records show that when Lorello is clean and sober she does not demonstrate severe mental limitations (Tr. 54-58, 63-68, 504).

The record supports Dr. Klein's opinion.

Lorello has admitted her mood "felt a lot more stable" when she took prescribed medication, as the ALJ observes (Tr. 25, referring to September 2010 report from Spokane Mental Health, at Tr. 463). In October 2010 Lorello again reported her mood "has been well-controlled" on medication (Tr. 461-62). In February 2011 Lorello is described as "continues to be pleasant and cooperative. She is up in the unit interacting with staff and peers. She completes ADL's daily without prompting." (Tr. 944). Hospital records in March 2011 show that when psychotropic medication was restarted, Lorello's mood steadily increased after the first week (Tr. 605).

Although Lorello alleges the ALJ should have weighed the evidence

ORDER - 10

differently, the ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

The ALJ's determinations are supported by the record and free of harmful legal error. Lorello fails to establish she would be disabled if DAA is excluded.

## CONCLUSION

After review the Court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**IT IS ORDERED**:

1. Defendant's motion for summary judgment, **ECF No. 18**, is **granted.**

2. Plaintiff's motion for summary judgment, ECF No. 16, is denied.

The District Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of defendant, and **CLOSE** the file.

DATED this 18th day of June, 2013.

<u>s/James P. Hutton</u>

JAMES P. HUTTON

UNITED STATES MAGISTRATE JUDGE